UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHAMONA M. DOUGHTY,**

      **Plaintiff,**

**v.**                                                        Case No:   6:19-cv-1713-Orl-LRH

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Shamona M. Doughty ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her applications for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded. (Doc. 31 at 21-29, 38).[1] The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 29-39). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.**     **Procedural History**

This case stems from the Claimant's August 27, 2015 application for disability insurance benefits, in which she alleged a disability onset date of January 13, 2015, and her October 11, 2016 application for supplemental security income, in which she alleged a disability onset date of October

---

[1] The Claimant does not specify whether she is seeking to reverse and remand this matter for further proceedings or for an award of benefits. (*See* Doc. 31 at 38).

11, 2016. (R. 158-59, 169-175). The applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held a hearing on June 20, 2018. (R. 34-66). The Claimant and her representative attended the hearing. (*Id*.). On September 4, 2018, the ALJ entered a decision denying the Claimant's applications for disability benefits. (R. 15-27). The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request. (R. 1-3). This appeal followed.

## II. The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) in reaching her decision.[2] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through December 31, 2020, and that she has not engaged in substantial gainful activity since the earlier of the alleged onset dates – January 13, 2015. (R. 17). The ALJ next found that the Claimant suffers from the following severe impairments: fibromyalgia; headaches; degenerative disc disease of the cervical, thoracic, and lumbar spine; schizophrenia; depressive disorder; bipolar disorder; and cannabis use. (R. 18). The ALJ, however, found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 18-20).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform

---

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a),[3] with the following additional limitations:

> [S]he can never climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to work-place hazards. The claimant can perform simple, routine tasks but with no production-rate-pace work, and can occasionally interact with coworkers and the general public.

(R. 20). In light of this RFC, the ALJ found that the Claimant is unable to perform her past relevant work. (R. 25-26). The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a document preparer and final assembler (optical). (R. 26-27). Accordingly, the ALJ concluded that the Claimant was not disabled between her earlier alleged onset date (January 13, 2015) through the date of the decision (September 4, 2018). (R. 27).

## III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining

---

[3] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.  Analysis**

The Claimant raises two assignments of error: 1) the ALJ did not articulate good cause reasons to assign Drs. Abdul Lodhi's and Nilusha Fernando's opinions little weight; and, 2) the ALJ improperly evaluated the Claimant's fibromyalgia. (Doc. 31 at 21-29). The first assignment of error is dispositive of this appeal.

**A.  Treating Source Opinions**

The Claimant contends that Drs. Lodhi's and Fernando's opinions are supported by the evidence of record and the ALJ "failed to provide good cause" reasons to assign their opinions less than controlling weight. (Doc. 31 at 24-29). In response, the Commissioner argues that the ALJ articulated good cause reasons for assigning Drs. Lodhi's and Fernando's opinions little weight and that her reasons are supported by substantial evidence. (*Id*. at 34-38).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other

sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[4]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id*. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

1. **Dr. Lodhi**

The Claimant treated with Dr. Lodhi, a rheumatologist (R. 578), for joint and muscle pain on at least three occasions between April 2017 and May 2018. (R. 521-30). Dr. Lodhi's physical

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

- 5 -

examinations revealed "multiple tender points all over" but were otherwise unremarkable. (R. 521, 524, 526). Dr. Lodhi assessed the Claimant with fibromyalgia and chronic pain syndrome, among other things. (*Id*.).

On August 10, 2017, Dr. Lodhi completed a form stating that the Claimant suffers from fibromyalgia. (R. 711). Dr. Lodhi then opined that the Claimant is unable to sit or stand for thirty (30) minutes at a time and requires frequent breaks. (*Id*.).

On June 8, 2018, Dr. Lodhi completed a second opinion. (R. 668-70). In it, he opined that the Claimant: can sit for no more than one hour in an eight-hour workday; can stand/walk for no more than one hour in an eight-hour workday; continuously lift up to five (5) pounds but no more; can never carry any weight; cannot grasp, push, or pull with her upper extremities; cannot push or pull with her lower extremities; cannot bend, squat, crawl, climb, or reach; will need to lay down for two-hours out of an eight-hour workday; and, will miss four or more days of work per month due to her impairments. (*Id*.). Dr. Lodhi opined that these limitations have existed since 2007. (R. 670). In support of these opinions, Dr. Lodhi pointed to the Claimant's "severe fatigue," "multiple joint pain [and] AM stiffness," "dizziness," and "brain fog." (*Id*.).

In addition to the foregoing opinions, the ALJ attributed a third undated opinion to Dr. Lodhi, even though it does not contain his name or signature (R. 24, 707-08).[5] The opinion addresses the Claimant's mental limitations, opining that she has, among other things, a poor ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with stress, function independently, and maintain attention and concentration. (R. 707-08).

---

[5] In the joint memorandum, the parties refer to this opinion as being from an "unnamed" source (Doc. 31 at 7), which shows that they, like the Court, are unsure whether the opinion was authored by Dr. Lodhi. In addition, it does not appear that the Claimant is challenging the ALJ's assessment of this "unnamed" opinion concerning Claimant's purported mental limitations. Therefore, the Court will not further address the weight the ALJ assigned to this "unnamed" opinion.

The ALJ considered what she interpreted to be Dr. Lodhi's three opinions, explaining:

> The undersigned has considered the opinion of Abdul Lohdi, M.D., and gives it little weight. Dr. Lodhi opined that the claimant had poor ability to adjust to a job, including following work rules, relating to co-workers, dealing with the public, using judgment, interacting with supervisors, dealing with work stress, functioning independently, and maintaining attention and concentration. Dr. Lohdi who treated the claimant for fibromyalgia, also opined that the claimant could not sit or stand for 30 minutes at a time and that the maximum number of hours allowed in an activity per week was "0-0 hours." (B27F/l, 5). As with Mr. Collins' opinion, Dr. Lohdi did not provide any clinical findings to support his opinion, but stated that, "The patient is severely mentally ill." (B27F/2). Moreover, Dr. Lohdi's opinion is neither supported by the treating reports in the record showing mostly normal findings, nor is it consistent with the opinion of the state agency psychological consultants, which stated that the claimant was capable of understanding, remember[ing], and carrying out simple, routine tasks in most settings and adapting to simple/gradual changes in the work place. (BlA/11; B3A/13-14).
>
> The undersigned has also considered another opinion produced by Dr. Lohdi, in which he opined that the claimant was incapable of lifting or carrying even five pounds, performing even simple grasping manipulations, sitting or standing for more than one hour during an 8-hour workday, or performing any postural activities at all. Dr. Lohdi also opined that the claimant's symptoms would force her to be absent from work more than four days a month. (B22F). The undersigned gives this opinion little weight for the same reasons discussed above, particularly the objective findings in the medical record showing that the claimant had full grip strength and muscle strength of her bilateral upper extremities. (B5F/12; B7F/6, 13, 16, 19, 22, 26; Bl4F/6, 9; Bl7F/3; Bl8F/9; Bl9F/8, 14; B20F/3).

(R. 24-25).[6]

The Claimant argues that the ALJ "failed to provide good cause" reasons to assign Dr. Lodhi's opinions less than controlling weight. (R. 27). The Court agrees but for reasons other than those argued by the Claimant.[7]

---

[6] It appears that the ALJ misspelled Dr. Lodhi's name throughout her decision. However, there is no dispute that the ALJ is referring to the same Dr. Lodhi who treated Claimant.

[7] The Claimant never expressly challenges the ALJ's reasons for assigning Dr. Lodhi's opinions little weight, instead pointing to evidence that she claims supports Dr. Lodhi's opinions. (Doc. 31 at 24-25, 27-29). This argument misses the point, because the question on appeal is not whether there is evidence to support Dr. Lodhi's opinions but whether there is substantial evidence to support the ALJ's decision to assign Dr. Lodhi's opinions little weight. 42 U.S.C. § 405(g);

The ALJ first assumes that the "unnamed" opinion concerning the Claimant's mental impairments was also authored by Dr. Lodhi, and weighs that opinion together with Dr. Lodhi's August 10, 2017 opinion concerning Claimant's physical impairments and fibromyalgia. (R. 24). The ALJ assigns both opinions little weight because: 1) Dr. Lodhi's statement that the Claimant is "severely mentally ill" is conclusory because he did not point to any clinical findings to support that conclusion; 2) Dr. Lodhi's opinion is not supported by "treating reports in the record showing mostly normal findings;" and 3) Dr. Lodhi's opinion is inconsistent with the opinions of state agency psychological consultants. (R. 24). The ALJ's first and third reasons clearly only relate to the "unnamed" opinion concerning the Claimant's mental limitations. It appears the same could be true with respect to the second reason, since the ALJ only refers to a single "opinion." (R. 24). Ultimately, however, it is unclear from the ALJ's decision to which opinion she is referring, which both calls into question whether the ALJ weighed Dr. Lodhi's August 10, 2017 opinion and frustrates the Court's ability to conduct a meaningful review of the weight the ALJ apparently assigned to that opinion.

Even if the Court assumed the ALJ's second reason applies to Dr. Lodhi's August 10, 2017 opinion, it is, at best, conclusory because the ALJ does not cite or discuss any specific evidence (in the context of that finding) to support it. Thus, the Court would have to speculate about the evidence to which the ALJ was referring. The Court cannot engage in such an analysis where, as here, the ALJ has not identified the "treating reports" that contradict Dr. Lodhi's August 10, 2017 opinion. *See Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at

---

*Foote*, 67 F.3d at 1560; *see Bloodsworth*, 703 F.2d at 1239 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence."). Notwithstanding the foregoing, the Claimant's argument is enough to trigger review of the weight assigned to Dr. Lodhi's opinions.

\*5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."); *see also Gooding v. Comm'r of Soc. Sec.*, No. 6:18-cv-348-Orl-37LRH, 2019 WL 2142952, at \*7 (M.D. Fla. May 1, 2019) (finding decision to reject treating physician opinion was not supported by substantial evidence where the ALJ made a broad statement that the claimant's "rather conservative care with normal physical exam findings...more appropriately supports light exertional work," without further explanation or citation to any specific evidence in support), *report and recommendation adopted*, 2019 WL 2137414 (M.D. Fla. May 16, 2019). This is particularly true where the record contains a fair number of treatment notes, including from Dr. Lodhi, that document multiple tender points, tenderness in the cervical and lumbar spine, and pain with movement of those portions of the Claimant's spine. (R. 521, 524, 526, 538, 542, 551, 554-55, 561, 566-67, 572, 584, 588, 593, 599, 604, 610-11, 621, 627, 632, 637, 642). Accordingly, due to the conclusory nature of the ALJ's second reason, the Court cannot say that this reason (which again appears to be the only reason given for rejecting the August 10, 2017 opinion) is supported by substantial evidence. The Court therefore finds the ALJ has not articulated a good cause reason supported by substantial evidence to assign Dr. Lodhi's August 10, 2017 opinion less than controlling weight.

The ALJ's handling of Dr. Lodhi's June 8, 2018 opinion is similarly deficient. The ALJ assigned that opinion little weight: 1) for the same reasons he assigned Dr. Lodhi's other opinions little weight; and 2) because examinations revealed that the Claimant had full grip strength and muscle strength of her bilateral upper extremities. (R. 24-25). As discussed above, two of the reasons the ALJ previously gave related solely to the "unnamed" opinion concerning the Claimant's mental impairments. Since Dr. Lodhi's June 8, 2018 opinion addresses the Claimant's

physical impairments, those two reasons cannot be said to support the weight assigned to Dr. Lodhi's June 8, 2018 opinion. And, as for the third reason, the Court has already found that to be conclusory and, therefore, prohibits meaningful review of whether it supports the weight assigned to Dr. Lodhi's June 8, 2018 opinion.

This leaves the Court with one final reason to consider; whether evidence of the Claimant's full grip strength and muscle strength of her bilateral upper extremities is enough to assign Dr. Lodhi's entire opinion little weight. It does not. While such evidence is sufficient to assign little weight to Dr. Lodhi's opinion that the Claimant cannot grasp, push, or pull with her upper extremities (R. 668), it does little, if anything, to undermine his opinions about the Claimant's ability to sit, stand, and walk, her postural limitations, or her ability to use her feet. Accordingly, the Court finds the ALJ did not articulate good cause reasons for assigning the entirety of Dr. Lodhi's opinion less than controlling weight.

In light of the foregoing, the case is due to be reversed and remanded for further proceedings. In so finding, the Court declines to rule on the Claimant's other arguments because the ALJ's handling of Dr. Lodhi's August 10, 2017 and June 8, 2018 opinions is dispositive of this appeal. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said, on remand, the ALJ should reevaluate, among other things, Dr. Fernando's opinion and, if the ALJ again assigns that opinion less than controlling weight, she should ensure that her reasons for doing so are properly supported and allow a reviewing court to evaluate whether the reasons are supported by substantial evidence.

**V.     Conclusion**

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kathleen H. Eiler
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801